# U.S. District Court
## U.S. District of Minnesota (DMN)
## CIVIL DOCKET FOR CASE #: 0:23–cv–00762–JMB–DTS
### *Internal Use Only*

| | |
|---|---|
| Anderson & Koch Ford, Inc. v. Ford Motor Company | Date Filed: 03/29/2023 |
| Assigned to: Judge Jeffrey M. Bryan | Date Terminated: 01/30/2024 |
| Referred to: Magistrate Judge David T. Schultz | Jury Demand: Both |
| Cause: 28:1441 Petition for Removal– Contract Dispute | Nature of Suit: 190 Contract: Other |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Anderson & Koch Ford, Inc.**                    represented by    **Aaron G Thomas**
Taft Stettinius & Hollister LLP
80 South Eighth Street
Suite 2200
Minneapolis, MN 55402
612–977–8845
Fax: 612–977–8650
Email: athomas@taftlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jordan Weber**
Taft Stettinius & Hollister LLP
80 South Eighth Street
Ste 2200 IDS Center
Minneapolis, MN 55402
612–977–8400
Fax: 612–977–8650
Email: jweber@taftlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Yuka Shiotani**
Taft Stettinius and Hollister
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
414–238–1813
Email: yshiotani@taftlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Ford Motor Company**                    represented by

**Chelsea Eveline Vilchis**
Nilan Johnson Lewis PA
250 Marquette Ave S
Suite 800
Minneapolis, MN 55401
612–305–7783
Email: cvilchis@nilanjohnson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth A McNellie**
Baker & Hostetler LLP
200 Civic Center Drive
Suite 1200
Columbus, OH 43215
614–462–2651
Fax: 614–462–2616
Email: emcnellie@bakerlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeremiah J. Wood**
Baker & Hostetler LLP
200 Civic Center Drive
Suite 1200
Columbus, OH 43215
614–462–5139
Fax: 614–462–2654
Email: jjwood@bakerlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sheila T Kerwin**
Nilan Johnson Lewis PA
250 Marquette Avenue South
Suite 800
Minneapolis, MN 55401
612–305–7500
Email: skerwin@nilanjohnson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 03/29/2023 | 1 | NOTICE OF REMOVAL from State of Minnesota, County of Chisago, case number 13–cv–23–158 (filing fee $ 402, receipt number AMNDC–10165585) filed by Ford Motor Company. No summons requested. (Attachments: # 1 Exhibit(s) A – State |

| | | |
|---|---|---|
| | | Court Pleadings, # 2 Exhibit(s) B – Excerpt from Ford's 2022 Form 10–K filing, # 3 Notice of Filing of Notice of Removal, # 4 Civil Cover Sheet) (Vilchis, Chelsea) (Entered: 03/29/2023) |
| 03/29/2023 | 2 | (Text–Only) CLERK'S NOTICE OF INITIAL CASE ASSIGNMENT. Case assigned to Judge Patrick J. Schiltz per Civil (3rd, 4th – Master) list, referred to Magistrate Judge David T. Schultz. Please use case number 23–cv–762 PJS/DTS. **Notice: All Nongovernmental Corporate Parties must file a Rule 7.1 Corporate Disclosure Statement.** (ACH) (Entered: 03/29/2023) |
| 03/29/2023 | 3 | **RULE 7.1 DISCLOSURE STATEMENT.** There is no parent corporation, publicly held corporation owning 10 percent or more of its stock, or any subsidiaries to report for Ford Motor Company. (Vilchis, Chelsea) (Entered: 03/29/2023) |
| 03/30/2023 | 4 | NOTICE of Appearance by Aaron G Thomas on behalf of Anderson & Koch Ford, Inc.. (Thomas, Aaron) (Entered: 03/30/2023) |
| 03/30/2023 | 5 | NOTICE of Appearance by Jordan Weber on behalf of Anderson & Koch Ford, Inc.. (Weber, Jordan) (Entered: 03/30/2023) |
| 03/30/2023 | 6 | NOTICE of Appearance by Yuka Shiotani on behalf of Anderson & Koch Ford, Inc.. (Shiotani, Yuka) (Entered: 03/30/2023) |
| 03/30/2023 | 7 | **RULE 7.1 DISCLOSURE STATEMENT.** There is no parent corporation, publicly held corporation owning 10 percent or more of its stock, or any subsidiaries to report for Anderson & Koch Ford, Inc.. (Thomas, Aaron) (Entered: 03/30/2023) |
| 04/03/2023 | 8 | MOTION for Admission Pro Hac Vice for Attorney Elizabeth A. NcNellie. Filing fee $ 100, receipt number AMNDC–10173620 filed by Ford Motor Company. (Vilchis, Chelsea) (Entered: 04/03/2023) |
| 04/03/2023 | 9 | MOTION for Admission Pro Hac Vice for Attorney Jeremiah J. Wood. Filing fee $ 100, receipt number AMNDC–10173639 filed by Ford Motor Company. (Vilchis, Chelsea) (Entered: 04/03/2023) |
| 04/07/2023 | 10 | (Text–Only) ORDER granting 8 Motion for Admission Pro Hac Vice of Attorney Elizabeth A McNellie; granting 9 Motion for Admission Pro Hac Vice of Attorney Jeremiah J. Wood for Ford Motor Company. Approved by Magistrate Judge David T. Schultz on 4/7/2023. (jam) (Entered: 04/07/2023) |
| 04/10/2023 | 11 | DOCUMENT FILED IN ERROR. MOTION to Dismiss/General filed by Ford Motor Company. (McNellie, Elizabeth) Modified text on 4/10/2023 (JME). (Entered: 04/10/2023) |
| 04/10/2023 | 12 | EXHIBIT 1–2 re 11 MOTION to Dismiss/General filed by Ford Motor Company.(McNellie, Elizabeth) (Entered: 04/10/2023) |
| 04/11/2023 | 13 | MOTION to Dismiss/General filed by Ford Motor Company. (McNellie, Elizabeth) (Entered: 04/11/2023) |
| 04/11/2023 | 14 | |

| | | |
|---|---|---|
| | | NOTICE OF HEARING ON MOTION 13 MOTION to Dismiss/General : Motion Hearing set for 6/28/2023 at 08:30 AM in Courtroom 15 (MPLS) before Chief Judge Patrick J. Schiltz. (McNellie, Elizabeth) (Entered: 04/11/2023) |
| 04/11/2023 | 15 | MEMORANDUM in Support re 13 MOTION to Dismiss/General filed by Ford Motor Company.(McNellie, Elizabeth) (Entered: 04/11/2023) |
| 04/11/2023 | 16 | EXHIBIT S 1–2 re 15 Memorandum in Support of Motion filed by Ford Motor Company.(McNellie, Elizabeth) (Entered: 04/11/2023) |
| 04/11/2023 | 17 | MEET and CONFER STATEMENT re 13 Motion to Dismiss/General filed by Ford Motor Company.(McNellie, Elizabeth) (Entered: 04/11/2023) |
| 04/11/2023 | 18 | PROPOSED ORDER TO JUDGE re 13 MOTION to Dismiss/General filed by Ford Motor Company.(McNellie, Elizabeth) (Entered: 04/11/2023) |
| 05/02/2023 | 19 | MEMORANDUM in Opposition re 13 MOTION to Dismiss/General filed by Anderson & Koch Ford, Inc.. (Attachments: # 1 LR7.1/LR72.2 Word Count Compliance Certificate)(Thomas, Aaron) (Entered: 05/02/2023) |
| 05/02/2023 | 20 | DECLARATION of Aaron G. Thomas in Opposition to 13 MOTION to Dismiss/General filed by Anderson & Koch Ford, Inc.. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C)(Thomas, Aaron) (Entered: 05/02/2023) |
| 05/16/2023 | 21 | REPLY re 13 MOTION to Dismiss/General filed by Ford Motor Company.(Wood, Jeremiah) (Entered: 05/16/2023) |
| 06/16/2023 | 22 | NOTICE by Ford Motor Company re 13 MOTION to Dismiss/General *of Supplemental Authority* (McNellie, Elizabeth) (Entered: 06/16/2023) |
| 06/16/2023 | 23 | EXHIBIT *1 to Notice of Supplemental Authority* re 13 MOTION to Dismiss/General filed by Ford Motor Company.(McNellie, Elizabeth) (Entered: 06/16/2023) |
| 06/28/2023 | 24 | Minute Entry for proceedings held before Chief Judge Patrick J. Schiltz: Motion Hearing held on 6/28/2023 re 13 MOTION to Dismiss filed by Ford Motor Company. Motion taken under advisement, written order forthcoming. (Court Reporter Paula Richter) (CLG) (Entered: 06/28/2023) |
| 06/30/2023 | 25 | ORDER/NOTICE FOR PRETRIAL CONFERENCE: Parties are directed to Meet and Confer by 7/25/2025. Rule 26 Meeting Report due by 7/25/2023. Pretrial Conference set for 8/1/2023 at 10:00 AM in Courtroom 9E (MPLS) before Magistrate Judge David T. Schultz. Signed by Magistrate Judge David T. Schultz on 6/30/2023. (Attachments: # 1 Consent Form) (TJB) (Entered: 06/30/2023) |
| 07/25/2023 | 26 | STIPULATION *for Protective Order* by Anderson & Koch Ford, Inc.. Jointly Signed by Defendant. (Weber, Jordan) (Entered: 07/25/2023) |
| 07/25/2023 | 27 | REPORT of Rule 26(f) Planning Meeting. Filed by Anderson & Koch Ford, Inc.. Jointly Signed by Defendant.(Weber, Jordan) (Entered: 07/25/2023) |
| 08/01/2023 | 28 | (Text–Only) **MINUTE ENTRY for proceedings held before Magistrate Judge David T. Schultz on 8/1/2023: Rule 16 Pretrial Conference.**<br><br>No Digital Recording<br>Minneapolis Courthouse, Courtroom 9E<br>Time: 10:00a / 10:35a<br>Total Time: 35 min. |

| | | |
|---|---|---|
| | | **APPEARANCES:**<br>**For Plaintiff(s):** Jordan Weber; Yuka Shiotani<br>**For Defendant(s):** Chelsea Vilchis; Jeremiah Wood<br><br>**PROCEEDINGS:**<br>Discussion of Pretrial Deadlines. Discussion of protective order.<br>(TJB) (Entered: 08/01/2023) |
| 08/03/2023 | 29 | SCHEDULING ORDER: Amended Pleadings due by 12/1/2023. Fact Discovery due by 3/15/2024. Motions (non−disp) due 3/29/2024. Motions (disp) HEARD by 8/30/2024. Ready for trial by 12/30/2024. Signed by Magistrate Judge David T. Schultz on 8/3/2023. (TJB) (Entered: 08/03/2023) |
| 08/03/2023 | 30 | ORDER REGARDING LR 5.6. Signed by Magistrate Judge David T. Schultz on 8/3/2023. (Attachments: # 1 Exhibit(s), # 2 Exhibit(s)) (TJB) (Entered: 08/03/2023) |
| 08/28/2023 | 31 | STIPULATION *for Protective Order* by Anderson & Koch Ford, Inc.. Jointly Signed by Ford Motor Company. (Thomas, Aaron) (Entered: 08/28/2023) |
| 11/16/2023 | 32 | (Text−Only) **MINUTE ENTRY for proceedings held before Magistrate Judge David T. Schultz on 11/16/2023: Discovery Conference.**<br><br>No Digital Recording<br>Minneapolis Courthouse, Courtroom Telephone Conference<br>Time: 9a / 9:30a<br>Total Time: 30 min<br><br>**APPEARANCES:**<br>**For Plaintiff(s):** Aaron Thomas; Jordan Weber<br>**For Defendant(s):** Elizabeth McNellie<br><br>**PROCEEDINGS:**<br>Discussion regarding discovery dispute.<br><br>(TJB) (Entered: 11/16/2023) |
| 11/30/2023 | 33 | ORDER granting in part and denying in part 13 Motion to Dismiss. (Written Opinion) Signed by Chief Judge Patrick J. Schiltz on 11/30/2023. (CLG) (Entered: 11/30/2023) |
| 12/14/2023 | 34 | ANSWER to Complaint filed by Ford Motor Company. (Wood, Jeremiah) (Entered: 12/14/2023) |
| 01/08/2024 | 35 | (Text−Only) CLERK'S NOTICE OF REASSIGNMENT. Due to the appointment of Judge Jeffrey M. Bryan, this case is reassigned to him. Chief Judge Patrick J. Schiltz is no longer assigned to the case. **NOTE:** the new case number is **23−cv−762 JMB/DTS**. Please use this case number for all subsequent pleadings. . Note: any current hearings or conferences before the newly assigned district judge in this case are canceled unless otherwise indicated by the new DJ courtroom deputy. (kt) (Entered: 01/08/2024) |
| 01/26/2024 | 36 | STIPULATION of Dismissal by Anderson & Koch Ford, Inc.. Jointly Signed by Ford Motor Company. (Weber, Jordan) (Entered: 01/26/2024) |
| 01/26/2024 | 37 | |

| | | PROPOSED ORDER TO JUDGE re 36 Stipulation of Dismissal. (Weber, Jordan) (Entered: 01/26/2024) |
|---|---|---|
| 01/30/2024 | 38 | ORDER FOR DISMISSAL WITHOUT PREJUDICE re: 36 Stipulation of Dismissal. Signed by Judge Jeffrey M. Bryan on 1/30/2024.(LIA) (Entered: 01/30/2024) |
| 01/31/2024 | 39 | JUDGMENT (Attachments: # 1 Civil Notice – appeal)(MMP) (Entered: 01/31/2024) |
| | | *Main Document* |
| | | Attachment # 1 *Civil Notice – appeal* |
| 01/31/2024 | 40 | NOTICE OF APPEAL TO 8TH CIRCUIT as to 39 Judgment by Anderson & Koch Ford, Inc.. Filing fee $ 605, receipt number AMNDC–10809835. (Attachments: # 1 Exhibit(s) A)(Thomas, Aaron) (Entered: 01/31/2024) |
| | | *Main Document* |
| | | Attachment # 1 *Exhibit(s) A* |
| 02/01/2024 | 41 | TRANSMITTAL OF APPEAL LETTER TO U. S. COURT OF APPEALS, 8TH CIRCUIT, Re: Notice of Appeal to 8th Circuit 40 . (CLK) (Entered: 02/01/2024) |

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ANDERSON & KOCH FORD, INC.,                    Case No. 23-CV-0762 (PJS/DTS)

               Plaintiff,

v.                                                                            ORDER

FORD MOTOR COMPANY,

               Defendant.

---

Aaron G. Thomas, TAFT STETTINIUS & HOLLISTER LLP, for plaintiff.

Elizabeth A. McNellie, BAKER & HOSTETLER LLP, for defendant.

Plaintiff Anderson & Koch Ford, Inc. ("Anderson & Koch") filed this lawsuit
mainly to prevent defendant Ford Motor Company ("Ford") from establishing a new
Ford dealership that will likely compete with Anderson & Koch.  The matter is now
before the Court on Ford's motion to dismiss the complaint.  ECF No. 13.  For the
reasons that follow, the Court grants Ford's motion in part and denies it in part.

## I.  BACKGROUND

Anderson & Koch has operated an automobile dealership in North Branch,
Minnesota for nearly 60 years pursuant to a service-and-sales agreement with Ford
("Dealer Agreement").  Compl. ¶¶ 12–15, ECF No. 1-1.  Under the Dealer Agreement,
Anderson & Koch is assigned a geographic area—referred to as the "Dealer's
Locality"—and Ford uses the Dealer's Locality to measure Anderson & Koch's sales

effectiveness.  *See* Compl. ¶ 14.  The Dealer Agreement explicitly gives Ford the

discretion to modify the Dealer's Locality from time to time.  *See* Compl. Ex. A ¶ 1(j).

Until recently, Anderson & Koch's Dealer Locality included 18 census tracts in and

around North Branch, but in November 2022, Ford informed Anderson & Koch that

Ford intended to remove nine of those 18 tracts.  *See* Compl. ¶¶ 21–25.  Ford plans to

assign the nine removed tracts to a new dealership that Ford intends to establish in

Forest Lake, Minnesota, which is about 27 miles from North Branch.  *See* Compl. ¶ 22.

Anderson & Koch objected in writing to both the reallocation of its census tracts

and the establishment of the new dealership.  *See* Compl. ¶ 26.  In February 2023,

Anderson & Koch brought this suit in state court to block Ford from implementing the

proposed changes.  *See* Compl. 22.[1]  Anderson & Koch brought four claims against Ford:

one for unfairly modifying a franchise in violation of Minnesota's Motor Vehicle Sale

and Distribution Act ("MVSDA"), Minn. Stat. § 80E.13(k); one for arbitrarily assigning

an area of sales effectiveness in violation of the MVSDA, *id*. § 80E.13(p); one for a

declaratory judgment; and one for breach of the implied covenant of good faith and fair

dealing.  *See* Compl. ¶¶ 51–73.  For relief, Anderson & Koch seeks injunctions against

---

[1]When citing to pages of the complaint, the Court will cite to the page numbers
generated by the Court's electronic docketing system rather than the document's
internal pagination.

both the reallocation of its census tracts and the establishment of the new dealership, as well as declaratory and monetary relief.  *See* Compl. 21.

Ford removed the case to this Court, *see* Notice of Removal, ECF No. 1, and now moves to dismiss the complaint in its entirety.

## II.  ANALYSIS

### A.  Standard of Review

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *See Du Bois v. Bd. of Regents*, 987 F.3d 1199, 1202 (8th Cir. 2021).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

### B.  Sufficiency of Allegations

The MVSDA regulates the relationship between automobile dealers and manufacturers.  *See generally* Minn Stat. Ch. 80E.  The MVSDA deems a number of practices by automobile manufacturers to be "unfair" and thus unlawful.  § 80E.13.  Of particular relevance to this case, § 80E.13(k) prohibits a manufacturer from modifying

or replacing a "franchise" (which is defined as "the written agreement" between an automobile manufacturer and dealer, § 80E.03, subd. 8) if the succeeding franchise would "adversely alter the rights or obligations" or "substantially impair[] the sales or service obligations or investments" of the dealer.  § 80E.13(k).  In addition, § 80E.13(p) forbids a manufacturer from arbitrarily changing a dealer's "area of sales effectiveness," which is defined as the geographic area for which a dealer is responsible under its franchise agreement.  *See* § 80E.03, subd. 10b.[2]   And § 80E.14, subd. 1, sets forth the procedure that an existing dealer must use when challenging a manufacturer's decision to establish a new dealership within the existing dealer's "relevant market area," defined to mean the "radius of ten miles around an existing dealership."

Anderson & Koch's primary goal in filing this lawsuit is to block the establishment of the new (and competing) Ford dealership in Forest Lake.  Each of Anderson & Koch's counts seeks some form of injunction against the new dealership, *see, e.g.*, Compl. ¶¶ 56, 62, 67, 73, and Anderson & Koch's allegations largely focus on the harm that it expects to suffer as a result of the new competitor.  *See, e.g.*, Compl. ¶ 39 ("Anderson & Koch will experience alarming market-compression and lose its relative proximity advantage with respect to 42%-57% of the [vehicle] registrations . . . within its

---

[2]The parties here agree that the phrase "Dealer's Locality" in the Dealer Agreement, *see* Compl. Ex. A ¶ 1(j), is coterminous with the phrase "area of sales effectiveness" as defined in § 80E.03, subd. 10b.

current census tracts.").  Anderson & Koch has not, however, invoked § 80E.14, undoubtedly because that section plainly does not give Anderson & Koch the right to block Ford's proposed new dealership.  Section 80E.14 gives existing dealers such as Anderson & Koch only the right to block proposed new dealerships within 10 miles, *see* § 80E.14, subd. 1, but Ford's proposed new dealership would be over 25 miles away from Anderson & Koch's existing dealership.

In this lawsuit, Anderson & Koch is essentially trying to do an end run around § 80E.14's restrictions by relying on § 80E.13(k), which, as noted above, prohibits a manufacturer from modifying or replacing a "franchise" if the succeeding franchise would "adversely alter the rights or obligations" or "substantially impair[] the sales or service obligations or investments" of the dealer.   Anderson & Koch argues that, as a practical matter, Ford's establishing the new dealership in Forest Lake will make it more difficult for Anderson & Koch to fulfill its obligations under its Dealer Agreement. But Anderson & Koch ignores a crucial predicate for a § 80E.13(k) claim:  The MVSDA is clear that § 80E.13(k) applies only to modifications to a "franchise," and the MVSDA is equally clear that a "franchise" is "the written agreement" between a manufacturer and a dealer.  *See* § 80E.03, subd. 8.  Thus, even if Anderson & Koch is correct that, as a *practical* matter, the new dealership will make it more difficult for Anderson & Koch to fulfill its obligations under its Dealer Agreement, that does not matter, as Anderson &

February 2 2024 11

Koch does not allege that Ford will be modifying a single word of that agreement. Anderson & Koch has therefore failed to plead a viable claim under § 80E.13(k).

Anderson & Koch also cannot use § 80E.13(p) to block the proposed Forest Lake dealership. That provision prevents a manufacturer from arbitrarily changing or assigning a dealer's area of sales effectiveness. *See* § 80E.13(p). Ford's creation of a new dealership in Forest Lake—the target of this lawsuit—is separate from Ford's decision to change Anderson & Koch's Dealer's Locality. The former, unlike the latter, may not be challenged under § 80E.13(p). In short, Anderson & Koch's complaint does not contain a single viable challenge to Ford's establishment of the new dealership in Forest Lake.

That said, Anderson & Koch has plausibly challenged Ford's decision to change its Dealer's Locality (although that may be of little comfort to Anderson & Koch). Ford has consistently defined Anderson & Koch's Dealer's Locality in writing, and thus a modification of Anderson & Koch's Dealer Locality can plausibly be deemed to be a modification of its franchise for purposes of § 80E.13(k). Moreover, Anderson & Koch has plausibly alleged that the change in its Dealer's Locality will substantially impair its sales and investments in violation of § 80E.13(k). *See* Compl. ¶¶ 38–42 (alleging that loss of territory will require Anderson & Koch to double sales relative to expectations, and that expected decline in net profits will threaten viability of business).

Anderson & Koch also has the right to challenge the change to its Dealer's Locality under § 80E.13(p), as Ford concedes. *See* Def.'s Mem. Supp. Mot. Dismiss 8, ECF No. 15. And finally, Ford pretty much conceded at oral argument that Anderson & Koch has adequately pleaded a claim for breach of the implied covenant of good faith and fair dealing in connection with the change to its Dealer's Locality. The Dealer Agreement is governed by Michigan law. *See* Compl. Ex. A ¶ 32. The general rule in Michigan is that "[w]here a party to a contract makes the manner of its performance a matter of its own discretion, the law does not hesitate to imply the proviso that such discretion be exercised honestly and in good faith." *Burkhardt v. City Nat'l Bank of Detroit*, 226 N.W.2d 678, 680 (Mich. Ct. App. 1975); *see also Stephenson v. Allstate Ins. Co.*, 328 F.3d 822, 826 (6th Cir. 2003) ("An implied covenant of good faith and fair dealing in the performance of contracts is recognized by Michigan law only where one party to the contract makes its performance a matter of its own discretion." (citations omitted)).

As noted above, the Dealer Agreement explicitly gives Ford discretion to modify the Dealer's Locality. *See* Compl. Ex. A ¶ 1(j). Anderson & Koch has alleged that Ford failed to exercise that discretion in good faith, both because Ford's decision to modify Anderson & Koch's Dealer's Locality will make it significantly more difficult for the dealership to meet Ford's sales goals, *see* Compl. ¶¶ 40–42, and because Ford's purpose in changing the Dealer's Locality was to pave the way for a competing dealership that

-7-

will threaten the viability of Anderson & Koch.  *See* Compl. ¶¶ 22, 42.  Thus, the complaint asserts a plausible claim that Ford breached the implied covenant of good faith and fair dealing when it exercised its discretion to modify the Dealer's Locality. *See Burkhardt*, 226 N.W.2d at 680.  Accordingly, Ford's motion to dismiss Anderson & Koch's claims regarding the change to its Dealer's Locality is denied.

To be clear, though:  Anderson & Koch cannot use § 80E.13(k) or (p) to evade the explicit procedures provided by the Minnesota Legislature for challenging a new dealership.[3]  To hold otherwise would create bizarre consequences.  For example, allowing Anderson & Koch to use  § 80E.13(k) or (p) to block the new dealership—and thereby to elide the 30-day limitations period set forth in § 80E.14, subd. 1 for bringing challenges to new dealerships—would mean that Anderson & Koch would have *greater* power to block a new dealership that is *more* than 10 miles away than it would have to block a new dealership that is *less* than 10 miles away.  *See* Compl. ¶ 21 (bringing suit in February 2023 over changes allegedly communicated in November 2022).  That would make no sense, and it would do violence to the scheme prescribed by the Minnesota Legislature after balancing the interests of manufacturers, dealers, and consumers.

---

[3]Anderson & Koch's claim for declaratory relief is predicated on the MVSDA, *see* Compl. ¶¶ 64, 66, and thus it also fails insofar as it seeks a declaration that Ford may not establish the new dealership.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT defendant's motion to dismiss for failure to state a

claim [ECF No. 13] is GRANTED IN PART AND DENIED IN PART as follows:

1.     The motion is GRANTED with respect to Counts I, II, and III of the

       complaint [ECF No. 1-1] to the extent that those counts seek relief against

       the proposed new Ford dealership in Forest Lake, Minnesota, and those

       counts are DISMISSED WITHOUT PREJUDICE insofar as they seek

       declaratory, injunctive, or monetary relief related to the establishment of

       the new dealership.

2.     The motion is DENIED in all other respects.

Dated:  November 30, 2023              s/Patrick J. Schiltz
                                       Patrick J. Schiltz, Chief Judge
                                       United States District Court

-9-

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Anderson & Koch Ford, Inc.,                      Case No. 23-CV-762 (JMB/DTS)

        Plaintiff,

v.                                               **ORDER FOR DISMISAL WITHOUT PREJUDICE**

Ford Motor Company,

        Defendant.

---

This matter is before the Court on Plaintiff Anderson & Koch Ford, Inc.'s and Defendant Ford Motor Company's (together, the "parties") Stipulation for Dismissal. (Doc. No. 36.)  Anderson & Koch Ford, Inc. wishes to dismiss all remaining claims in its Complaint (Doc. No. 1-1) under Rule 41(a)(1)(A)(ii) and the parties have signed a Stipulation for Dismissal accordingly.

Therefore, IT IS HEREBY ORDERED:

The Stipulation for Dismissal filed on January 26. 2024 (Doc. No. 36) is APPROVED.  All claims not previously dismissed by the Court's November 30, 2023 Order (Doc. No. 33) are hereby DISMISSED WITHOUT PREJUDICE.  The parties agree that each shall bear their own costs, expenses, disbursements, and attorney fees.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  January 30, 2024                          /s/Jeffrey M. Bryan
                                           Judge Jeffrey M. Bryan
                                           United States District Court

# UNITED STATES DISTRICT COURT

## District of Minnesota

Anderson & Koch Ford, Inc.,                           **JUDGMENT IN A CIVIL CASE**

                        Plaintiff(s),

v.                                                    Case Number: 23-cv-762 JMB/DTS

 Ford Motor Company,

                        Defendant(s).

☐ **Jury Verdict**.  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**.  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

   IT IS ORDERED AND ADJUDGED THAT:

The Stipulation for Dismissal filed on January 26. 2024 (Doc. No. 36) is APPROVED. All claims not previously dismissed by the Court's November 30, 2023 Order (Doc. No. 33) are hereby DISMISSED WITHOUT PREJUDICE. The parties agree that each shall bear their own costs, expenses, disbursements, and attorney fees.

   Date: 1/31/2024                                  KATE M. FOGARTY, CLERK

February 2 2024 17



# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

**Warren E. Burger Federal Building and U.S. Courthouse**
316 North Robert Street
Room 100
St. Paul, MN 55101

**Diana E. Murphy U.S. Courthouse**
300 South Fourth Street
Room 202
Minneapolis, MN 55415

**Gerald W. Heaney Federal Building and U.S. Courthouse and Customhouse**
515 West First Street
Duluth, MN 55802

**Edward J. Devitt U.S. Courthouse and Federal Building**
118 South Mill Street
Fergus Falls, MN 56537

## CIVIL NOTICE

**The appeal filing fee is $605.00. If you are indigent, you can apply for leave to proceed in forma pauperis, ("IFP").**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals or the Federal Circuit Court of Appeals (when applicable) from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1.   Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or
2.   Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or
3.   Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or
4.   Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Anderson & Koch Ford, Inc. | Case No. 0:23-cv-00762 (JMB/DTS) |
| Plaintiff, | |
| v. | **PLAINTIFF ANDERSON & KOCH FORD, INC.'S NOTICE OF APPEAL** |
| Ford Motor Company, | |
| Defendant. | |

Plaintiff Anderson & Koch Ford, Inc. appeals to the United States Court of Appeals for the Eighth Circuit from the final judgment entered on January 31, 2024 (ECF No. 39). Pursuant to Fed. R. App. P. 3(c)(4), this notice of appeal encompasses the November 30, 2023 Order entered by this Court (ECF No. 33), which granted in part and denied in part Defendant Ford Motor Company's motion to dismiss (ECF No. 13) with respect to Counts I, II, and III of Plaintiff's Complaint (ECF No. 1-1) "to the extent that those counts seek relief against the proposed new Ford dealership in Forest Lake, Minnesota." A copy of the January 31, 2024 judgment from which the appeal is taken is attached hereto as <u>Exhibit A</u>.

Dated: January 31, 2024

**TAFT STETTINIUS & HOLLISTER LLP**

By: */s/ Aaron G. Thomas*
    Aaron G. Thomas (#0389011)
    athomas@taftlaw.com
    Jordan L. Weber (#0396769)
    jweber@taftlaw.com
    Yuka Shiotani (#401989)
    yshiotani@taftlaw.com
2200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2210
Telephone:   (612) 977-8400
Facsimile:   (612) 977-8650

**ATTORNEYS FOR PLAINTIFF ANDERSON & KOCH FORD, INC.**

131127555v2

Exhibit A

# UNITED STATES DISTRICT COURT

## District of Minnesota

Anderson & Koch Ford, Inc.,

       Plaintiff(s),

v.

 Ford Motor Company,

       Defendant(s).

**JUDGMENT IN A CIVIL CASE**

Case Number: 23-cv-762 JMB/DTS

☐ **Jury Verdict**.  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**.  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

The Stipulation for Dismissal filed on January 26. 2024 (Doc. No. 36) is APPROVED. All claims not previously dismissed by the Court's November 30, 2023 Order (Doc. No. 33) are hereby DISMISSED WITHOUT PREJUDICE. The parties agree that each shall bear their own costs, expenses, disbursements, and attorney fees.

 Date: 1/31/2024

         KATE M. FOGARTY, CLERK



# UNITED STATES
# DISTRICT COURT
# DISTRICT OF MINNESOTA

**Warren E. Burger Federal
Building and U.S. Courthouse**
316 North Robert Street
Room 100
St. Paul, MN 55101

**Diana E. Murphy
U.S. Courthouse**
300 South Fourth Street
Room 202
Minneapolis, MN 55415

**Gerald W. Heaney Federal
Building and U.S. Courthouse
and Customhouse**
515 West First Street
Duluth, MN 55802

**Edward J. Devitt U.S.
Courthouse and Federal
Building**
118 South Mill Street
Fergus Falls, MN 56537

## TRANSMITTAL OF APPEAL

Date:   2/1/24

To:   U.S. COURT OF APPEALS, 8TH CIRCUIT

From:  clk U.S. District Court-Minnesota

In Re:  District Court Case No. 23-cv-762 JMB/DTS
Eighth Circuit Case No.:  Not yet assigned
Case Title:  Anderson & Koch Ford, Inc. v. Ford Motor Company

The statutory filing fee has:
☒ been paid, receipt number: AMNDC-10809835
☐ not been paid as of
       IFP      ☐ is   ☐ is not pending
☐ been waived because:
       ☐ Application for IFP granted   ☐ USA filed appeal

Length of Trial:  n/a

Was a court reporter utilized?   ☒ Yes   ☐ No
If yes, please identify the court reporter: Paula Richter 612-664-5102