No. 24-1204

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

ANDERSON & KOCH FORD, INC.

*Plaintiff-Appellant*,

v.

FORD MOTOR COMPANY

*Defendant-Appellee.*

Appeal from the United States District Court
for the District of Minnesota
Case No. 0:23-cv-00762
The Honorable Judge Jeffrey M. Bryan

**Plaintiff-Appellant Anderson & Koch Ford, Inc.'s Response to
Defendant-Appellee Ford Motor Company's
Motion to Dismiss Appeal for Lack of Appellate Jurisdiction**

Aaron G. Thomas
Jordan L. Weber
Yuka Shiotani
Scott M. Flaherty
Taft Stettinius & Hollister LLP
2200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2210
Telephone:  (612) 977-8400
Facsimile:   (612) 977-8650
athomas@taftlaw.com

*Attorneys for Appellant Anderson & Koch Ford, Inc.*

## INTRODUCTION

Ford Motor Company's motion to dismiss this appeal should be denied. Controlling circuit precedent recognizes that if a district court disposes of some but not all of plaintiff's claims, dismissing the remaining claims without prejudice creates an appealable final judgment. This Court so held in *Chrysler Motors Corp. v. Thomas Auto Co.*, 939 F.2d 538, 540 (8th Cir. 1991). That case has not been overruled; it remains good law, though Ford's motion does not mention it.

## BACKGROUND

This appeal arises from Anderson & Koch Ford, Inc.'s complaint against Ford Motor Company. Anderson is an existing Ford dealer, and its complaint sought two types of relief: (1) to prevent Ford from establishing a new nearby dealership in Forest Lake; and (2) to prevent Ford from modifying Anderson's dealer locality. (R. Doc. 33 pp. 4, 6.)

The district court granted Ford's motion to dismiss as to the first type of relief. The district court held that Anderson's complaint did not state a claim for relief that could challenge Ford's establishment of a new dealership in Forest Lake. (R. Doc. 33 p. 6 & p.8 n.3.)

But the district court also held Anderson's complaint did state a claim for relief to prevent Ford from modifying Anderson's dealer locality. If Anderson later prevailed, relief could be granted on this second type of relief. (R. Doc. 33 pp. 7-8.)

1

After that order, both parties stipulated to the voluntarily dismissal, without prejudice, of Anderson's remaining claims pursuant to Fed. R. Civ. P. 41(a)(1). (R. Doc. 36.) Anderson appealed.

## ARGUMENT

More than 30 years ago, this Court held that a final, appealable judgment is created after plaintiff's remaining claims are dismissed without prejudice. The seminal case regarding finality and voluntary dismissals is *Chrysler Motors Corp. v. Thomas Auto Co.*, 939 F.2d 538, 540 (8th Cir. 1991).

In *Chrysler*, a district court granted a motion for partial summary judgment but did not issue a Rule 54(b) order. The parties later filed a stipulation of dismissal of all remaining claims without prejudice under Fed. R. Civ. P. 41, and the court entered an order of dismissal, as here. This Court held that the effect of the dismissal was to make the earlier partial summary judgment "a final judgment for purposes of appeal, even though the district court had not so certified under Fed. R. Civ. P. 54(b)." 939 F.2d at 540.

This Court has repeatedly reaffirmed *Chrysler*'s holding that a plaintiff may expedite appellate review of previously adjudicated claims by voluntarily dismissing other claims that remain pending. *Chrysler*, 939 F.2d at 540 (8th Cir. 1991); *see also Helm Fin. Corp. v. MNVA R.R.*, 212 F.3d 1076, 1080 (8th Cir. 2000) (explaining that a plaintiff's "voluntary dismissal of its remaining claims...in effect made" an

2

otherwise interlocutory summary judgment order "a final judgment for purposes of appeal"); *Hope v. Klabal*, 457 F.3d 784, 790 (8th Cir. 2006) ("[W]e conclude that the voluntary [stipulated] dismissal of the remaining claims made the two earlier summary judgment orders final for purposes of this appeal."); *State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999) (concluding that a voluntary dismissal of a remaining defendant under Rule 41(a)(1) "normally makes a prior interlocutory dismissal order final and appealable"); *cf. Wilkinson v. Shackelford*, 478 F.3d 957, 962 (8th Cir. 2007) (a plaintiff may create a final decision on the dismissal of claims against one defendant by unconditionally dismissing claims against a second defendant); *Great Rivers Coop. of Se. Iowa v. Farmland Indus., Inc.*, 198 F.3d 685, 689 (8th Cir. 1999) ("A dismissal without prejudice can be an appealable final order.").

Ford's cases do not support its motion. In *Clos v. Corrections Corp. of America*, 597 F.3d 925, 928 (8th Cir. 2010), this Court concluded that the district court abused its discretion by entering a partial judgment pursuant to Fed. R. Civ. P. 54(b) because the district court gave no explanation for its ruling. *Id.* at 929. *Clos* does not apply here because there has been no entry of judgment pursuant to Rule 54(b).

*In re Municipal Stormwater Pond Coordinated Litigation*, 73 F.4th 975, 979-980 (8th Cir. 2023) is inapposite. That case involved multiple defendants and

3

plaintiffs' collusive, conditional dismissal of some defendants to create a final judgment against other defendants. There, the plaintiffs sought to create a final decision by voluntarily and conditionally dismissing claims against some remaining defendants after reaching an agreement that would toll the statute of limitations. *Id.* The tolling agreement that illustrated the conditional nature of the dismissal was attached to the notice of voluntary dismissal. *Id.* at 979. This Court held that the conditional nature of the dismissal was the problem, *id.* at 980, noting that the federal rules allow amendment of a complaint with the opposing party's consent, Fed. R. Civ. P. 15(a)(2), and the defendants had consented in advance to reinstatement of the claims. There is no collusive agreement with Ford here, and Anderson's stipulated dismissal was not conditional. *Stormwater Pond* does not apply here.

*Ruppert v. Principal Life Ins.*, 705 F.3d 839, 842 (8th Cir. 2013) likewise has no application here. There, this Court held that a consent judgment was not final because of an agreement with the defendant that would allow plaintiff to seek additional recovery if the appeal were successful. No such agreement is present here.

Anderson's voluntary dismissal was not conditional, and there is no collusive agreement between Anderson and Ford. Anderson's dismissal falls within the rule of *Chrysler*, not the exception of *Stormwater Pond.* Ford can (and assuredly will) argue on remand to the district court that Anderson should not be allowed to re-assert the claims it voluntarily dismissed. But what may occur on remand has no bearing

4

on the present finality of the judgment below.[1] Until this Court remands, there is nothing the district court can do. The judgment is final, regardless of whether Anderson may be allowed to amend its complaint on remand or seek other relief. The rules of civil procedure leave these questions to the district court's later discretion. *See* Fed. R. Civ. P. 15(a)(2); Fed. R. Civ. P. 60(b); *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998).

Ford's other case law is also unhelpful to the Court. Ford argues that this Court should "convert" Anderson's without-prejudice dismissal to a with-prejudice dismissal. (Ford mot. p. 6, citing *Madsen v. Audrain Health Care Inc.*, 297 F.3d 694, 698 (8th Cir. 2002) and *W. Am. Ins. Co. v. RLI Ins. Co.*, 698 F.3d 1069, 1071 n.1 (8th Cir. 2012)). Ford cites no provision of the rules of civil procedure, nor the rules of appellate procedure, for such a "conversion."

*Madsen* and *Western American Insurance* differ from Anderson's appeal because they involved court-ordered voluntary dismissals under Rule 41(a)(2),

---

[1] Ford's motion misunderstands what makes a decision final under 28 U.S.C. § 1291. Throughout its motion, Ford suggests that the judgment appealed is not truly final because Anderson's dismissed claims might be re-asserted on remand. But a judgment is final if it "ends the litigation on the merits and leaves nothing more for the district court to do but execute the judgment." *Alpine Glass, Inc. v. Country Mut. Ins. Co.*, 686 F.3d 874, 877 (8th Cir. 2012) (internal quotation marks omitted); *see also Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 586 (2020) (same).

Whether something might happen on remand after a successful appeal is not relevant to whether a judgment is final. Finality is present if there is nothing left for the district court to do. *Id.* Here, there is nothing further for the district court to do.

5

rather than, as here, a party-controlled voluntary dismissal under Rule 41(a)(1). *See Madsen*, 297 F.3d at 698;[2] *W. Am. Ins.*, 698 F.3d at 1071 n.1. In both cases, this Court held that the district court's without-prejudice dismissal under Rule 41(a)(2) would have been an abuse of discretion. Ford's motion confuses party-controlled dismissals under Rule 41(a)(1) with court-controlled dismissals under Rule 41(a)(2). *Chrysler* applies to the former; *Madsen* applies to the latter.

Here, because Anderson's dismissal was under Rule 41(a)(1)—rather than Rule 41(a)(2)—*Chrysler* applies. A "stipulation of dismissal" under Rule 41(a)(1)(A)(ii) expressly contemplates the voluntary dismissal of claims "without a court order." This type of dismissal is "effective automatically" upon filing and "does not require judicial approval," and "[t]he reason for the dismissal is irrelevant" to its validity. *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1080 (8th Cir. 2017) (quoting *Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1189 (8th Cir. 1984)); *see Great Rivers Coop.*, 198 F.3d at 689 (describing a Rule 41(a)(1) stipulation as "a form of dismissal that is an unconditional right of the parties which contains no exceptions that call for the exercise of judicial discretion by any court" (cleaned up)). Indeed, the parties' use of the word "Stipulation" rather than "motion" (R. Doc. 36) indicates that they understood the effect of their joint stipulation. And because that

---

[2] *Madsen* is further inapposite because it characterized the dismissal there as "ambiguous" as to whether it was with or without prejudice. *Madsen*, 297 F.3d at 698.

stipulation was self-effectuating, the district court never had any discretion to abuse, making this appeal different from *Madsen* and *West American Insurance*. Those cases do not apply here; *Chrysler*—which involved a stipulation of dismissal—does. *See* 939 F.2d at 540.

Ford attempts to portray these cases, and others, as creating some kind of intra-circuit split. (Ford mot. p. 6.) But this Court's precedent is not contradictory. There are different rules for party-controlled dismissals and for court-ordered dismissals. There are different rules for dismissals coupled with collusive settlement agreements and non-collusive dismissals. Different holdings for different fact patterns is not contradictory. And, moreover, Ford's motion admits that if there were a conflict of laws, the earliest precedent should control. (*See* Ford mot. p. 6 n.1 (citing *Kostelec v. State Farm Fire & Cas. Co.*, 64 F.3d 1220, 1228 (8th Cir. 1995)). *Chrysler* is the oldest such precedent, and it would apply if there were any confusion in this Court's precedent in this area.

## CONCLUSION

Ford's motion to dismiss the appeal should be denied. *Chrysler Motors Corp. v. Thomas Auto Co.*, holds that if a district court disposes of some but not all of plaintiff's claims, dismissing the remaining claims without prejudice creates an appealable final judgment. 939 F.2d 538, 540 (8th Cir. 1991). There is no intra-circuit conflict, and *Chrysler* has never been overruled.

7

Dated: March 8, 2024

Respectfully submitted,

**TAFT STETTINIUS & HOLLISTER LLP**

By: s/ *Aaron G. Thomas*
    Aaron G. Thomas  (#0389011)
    Jordan L. Weber  (#0396769)
    Yuka Shiotani  (#0401989)
    Scott M. Flaherty  (#0388354)
2200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2210
Telephone: (612) 977-8400
Facsimile: (612) 977-8650
Emails:    athomas@taftlaw.com
           jweber@taftlaw.com
           yshiotani@taftlaw.com
           sflaherty@taftlaw.com

**ATTORNEYS FOR APPELLANT ANDERSON & KOCH FORD, INC.**

# CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2024, I electronically filed Plaintiff-Appellant Anderson & Koch Ford, Inc.'s Response to Defendant-Appellee Ford Motor Company's Motion to Dismiss Appeal for Lack of Appellate Jurisdiction with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: March 8, 2024

Respectfully submitted,

**TAFT STETTINIUS & HOLLISTER LLP**

By: s/ *Aaron G. Thomas*
    Aaron G. Thomas   (#0389011)
    Jordan L. Weber   (#0396769)
    Yuka Shiotani   (#0401989)
    Scott M. Flaherty   (#0388354)
2200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2210
Telephone: (612) 977-8400
Facsimile: (612) 977-8650
Emails:   athomas@taftlaw.com
              jweber@taftlaw.com
              yshiotani@taftlaw.com

**ATTORNEYS FOR APPELLANT ANDERSON & KOCH FORD, INC.**

131813201v7