No. 24-1204

# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

ANDERSON & KOCH FORD, INC.

*Plaintiff-Appellant,*

v.

FORD MOTOR COMPANY

*Defendant-Appellee.*

Appeal from the United States District Court
for the District of Minnesota
Case No. 0:23-cv-00762
The Honorable Judge Jeffrey M. Bryan

**Defendant-Appellee Ford Motor Company's Reply in Support of Motion to Dismiss Appeal for Lack of Appellate Jurisdiction**

Sheila Therese Kerwin
NILAN & JOHNSON
250 Marquette Avenue, S. Ste. 800
Minneapolis, MN 55401
(612) 305-7500
skerwin@nilanjohnson.com

Elizabeth A. McNellie
BAKER & HOSTETLER, LLP
200 Civic Center Drive, Ste 1200
Columbus, OH 43215
(614) 462-2651
emcnellie@bakerlaw.com

Thomas J. Davis
David A. Porter
KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.
280 N. Old Woodward Avenue
Suite 400
Birmingham, Michigan 48009
(248) 645-0000
tdavis@khvpf.com
dporter@khvpf.com

*Attorneys for Defendant-Appellee*

**Argument**

Anderson now admits that its dismissal without prejudice was a temporary measure intended to manufacture appellate jurisdiction after its Rule 54(b) motion short-circuited, and that it will seek to reinstate the dismissed claims after appeal. Resp. Br. at 5-6. It has done precisely what this Court recently held was improper: file a Rule 41(a)(1) voluntary dismissal "engineered [as] an end-run around the procedures specified in Rule 54(b)." *In re Mun. Stormwater Pond Coordinated Litig.*, 73 F.4th 975, 979-980 (8th Cir. 2023). But it tells this Court not to worry—that what it did is unambiguously acceptable under *Chrysler Motors Corp. v. Thomas Auto Co.,* 939 F.2d 538 (8th Cir. 1991), and that Ford is wrong to argue that anything in this Circuit's law suggests otherwise.

Anderson is simply incorrect. As Ford's motion pointed out, this Court has itself recognized the complexity of its precedents on when a voluntary dismissal without prejudice creates a final judgment, as have bar journal authors. *See Hope v. Klabal*, 457 F.3d 784, 789 (8th Cir. 2006) ("Admittedly, this circuit has been less than clear in establishing the rules for finality when parties dismiss some of their claims without prejudice in order to appeal a partial summary judgment order or an

interlocutory order of dismissal.") (citing Terry W. Schackmann & Barry L. Pickens, *The Finality Trap: Accidentally Losing Your Right to Appeal (Part II)*, 58 J. Mo. B. 138 (2002)). Anderson also ignores that *Municipal Stormwater* necessarily rejected the argument, raised in dissent, that *Chrysler* was controlling in all cases involving Rule 41(a)(1) voluntary dismissals. *Compare* 73 F.4th at 980-81 *with id.* at 981-82. Anderson gravely errs by putting all its eggs in the *Chrysler* basket.

As the Schackmann article observes, "*Chrysler* inexplicably, and without discussion or analysis, permitted an appeal . . . following a plaintiff's non-final dismissal of its remaining claims, to fabricate the very finality for appeal that the same court had warned against the year before in *DuBose*" *v. State of Minnesota*, 893 F.2d 169, 171 (8th Cir. 1990). 58 J. Mo. B. at 143. Because *Chrysler* contained no reasoning, it did not address whether its (unstated) rationale would apply to the distinct scenario where a party was deliberately attempting to manipulate the Court's appellate jurisdiction through its voluntary dismissal.

But since *Chrysler*, this Court has repeatedly held that intent matters. A "dismissal without prejudice, coupled with the intent to refile the voluntarily dismissed claims after an appeal of an otherwise-

interlocutory order, is a clear evasion of the judicial and statutory limits on appellate jurisdiction." *Gannon Int'l, Ltd. v. Blocker*, 684 F.3d 785, 791 (8th Cir. 2012). Thus, in *Gannon*, the Court found there was jurisdiction to hear the appeal only after "Gannon's counsel assured this court that it had no intent to refile [the dismissed claims] in federal court, and the record provides us with no reason to doubt that assurance." *Id.*

This rule applies whether the appealing party moves for dismissal under Rule 41(a)(2), as in *Gannon*, or files a stipulated dismissal under Rule 41(a)(1). *See, e.g.*, *Mun. Stormwater*, 73 F.4th at 980 (refusing to permit stipulated Rule 41(a)(1) dismissal to enable appeal, and citing cases declining jurisdiction over "attempts to circumvent the final judgment rule"); *W. Am. Ins. Co. v. RLI Ins. Co.*, 698 F.3d 1069, 1072 (8th Cir. 2012) (holding that parties' stipulated dismissal without prejudice improperly sought to circumvent the final judgment rule, permitting appeal only after converting to with-prejudice dismissal); *Orion Fin. Corp. v. Am. Foods Group, Inc.*, 201 F.3d 1047, 1048–49 (8th Cir. 2000) (dismissing appeal for lack of finality where parties filed stipulated dismissal but intended to revive dismissed issues and thus were playing "fast and loose with the limited appellate resources that we have.");

*Minnesota Pet Breeders, Inc. v. Schell & Kampeter, Inc.*, 41 F.3d 1242, 1245 (8th Cir. 1994) (holding that a party "may not evade the final judgment principle and end-run Rule 54(b) by taking a tongue-in-cheek dismissal of its remaining claims," and requiring claims to be "deemed dismissed with prejudice" to proceed).

Ultimately, Anderson relies on *Chrysler* to support the notion that it may voluntarily dismiss without prejudice under Rule 41(a)(1) despite its admitted intent to revive its dismissed claims in the district court. But *Chrysler* did not discuss that scenario, let alone authorize it. And since *Chrysler*, this Court has repeatedly held that a party's intention is relevant to finality, and thus jurisdiction. The remainder of Anderson's response—reciting Ford's cases one-by-one and identifying perceived factual distinctions as a reason to disregard them—misses the forest for the trees. There is a common thread running through this Court's cases, reaffirmed in *Municipal Stormwater*, that voluntary dismissal **plus** intent to reinstate following appeal is impermissible.

## Conclusion

The Court should hold that when—as here—a party that voluntarily dismisses its claims with prejudice but concedes its intent to

-4-

Appellate Case: 24-1204   Page: 5   Date Filed: 03/12/2024 Entry ID: 5372745

reinstate those claims after the appeal is over to try to bypass Rule 54(b), there is no appellate jurisdiction. Anderson might have eliminated that jurisdictional defect by accepting dismissal with prejudice, but it has refused to do so.[1] The appeal should be dismissed.

>
> Respectfully submitted,
>
> KIENBAUM HARDY VIVIANO
> PELTON & FORREST, P.L.C.
>
> By: *s/Thomas J. Davis*
>   Thomas J. Davis
>   David A. Porter
> 280 N. Old Woodward Ave., Ste. 400
> Birmingham, MI 48009
> (248) 645-0000
> tdavis@khvpf.com
> dporter@khvpf.com
>
> Sheila Therese Kerwin
> NILAN & JOHNSON
> 250 Marquette Avenue, S. Ste. 800
> Minneapolis, MN 55401
> (612) 305-7500
> skerwin@nilanjohnson.com

---

[1] Anderson's claim that there is no "mechanism" to convert a dismissal to be with prejudice not only overlooks that this Court has done just that on several occasions (*see* Ford's Mot. at 5-6) but also ignores that a party can stipulate that its voluntary dismissal will be with prejudice. *See* Fed. R. Civ. P. 41(a)(1)(B). Anderson's refusal to offer dismissal with prejudice here is further proof of its scheme to conditionally and temporarily dismiss its Dealer Locality claims so that it could immediately appeal a non-final order.

Elizabeth A. McNellie
BAKER & HOSTETLER, LLP
200 Civic Center Drive, Ste 1200
Columbus, OH 43215
(614) 462-2651
emcnellie@bakerlaw.com

Attorneys for Defendant-Appellee
Ford Motor Company

Dated: March 12, 2024
512392

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limit,
Typeface Requirements, and Type Style Requirements

1. This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because this motion does not exceed 2,600 words. This document contains 938 words.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in 14-point Century Schoolbook.

> Respectfully submitted,
>
> KIENBAUM HARDY VIVIANO
> PELTON & FORREST, P.L.C.
>
> By: *s/Thomas J. Davis*
>   Thomas J. Davis
>   David A. Porter
> 280 N. Old Woodward Ave., Ste. 400
> Birmingham, MI  48009
> (248) 645-0000
> tdavis@khvpf.com
> dporter@khvpf.com

Dated:  March 12, 2024

# CERTIFICATE OF SERVICE

  I hereby certify that on March 12, 2024, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

        s/*Thomas J. Davis*
        Thomas J. Davis
        Kienbaum Hardy Viviano
         Pelton & Forrest, P.L.C.
        280 N. Old Woodward Ave., Ste. 400
        Birmingham, MI  48009
        (248) 645-0000
        tdavis@khvpf.com