

280 N. Old Woodward
Suite 400
Birmingham, MI 48009
248.645.0000

48 S. Main Street
Suite 2
Mt. Clemens, MI 48043
586.469.1580
www.khvpf.com

June 12, 2024

**Via ECF**

Clerk of Court
Court of Appeals
for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 S. 10th St.
Room 24.329
St. Louis, MO 63102

  Re: *Anderson & Koch Ford, Inc. v. Ford Motor Co.*, Case No. 24-1204

    Defendant-Appellee's Fed. R. App. P. 28(j) letter

Dear Clerk:

  Appellant's reply brief, pp. 4-6, makes an argument not presented in its opening brief: that the district court's interpretation of the MVSDA violates a canon contained in Minn. Stat. § 645.26 regarding "irreconcilable" statutory provisions, because the provisions at issue here are not irreconcilable. This argument was made in response to Ford's citation at pp. 19-21 of its brief to *Connexus Energy v. Commissioner of Revenue*, 868 N.W.2d 234 (Minn. 2015) and *Koehnen v. Flagship Marine Co.*, 947 N.W.2d 448 (Minn. 2020).

  Under Rule 28(j), Ford presents the following authorities that are pertinent to Appellant's newly raised argument:

  *First*, as a "general rule, [this Court] will not consider arguments raised for the first time in a reply brief." *United States v. Meyer*, 914 F.3d 592, 596 (8th Cir. 2019).

  *Second*, *Connexus* and *Koehnen* are pertinent to Appellant's newfound argument. Neither case cites nor purports to apply § 645.26, and neither required "irreconcilable conflict." Instead, both cite *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639 (2012) as setting forth a canon applicable when interpreting co-existing provisions in a comprehensive statutory scheme, where one provision specifically targets the specific problem at issue. *Connexus*, 868 N.W.2d at 242-243; *Koehnen*, 947 N.W.2d at 454.

*Third*, *RadLAX* is pertinent. It held the canon at issue is "most frequently applied to statutes in which a general permission or prohibition is contradicted by a specific prohibition or permission," but has "full application as well to statutes such as the one here, in which a general authorization and a more limited, specific authorization exist side-by-side." 566 U.S. at 645. In such cases, the "terms of the specific authorization must be complied with." *Id*. Thus, the general "language of a statutory provision, although broad enough to include it, will not be held to apply to a matter specifically dealt with in another part of the same enactment." *Id*. at 646.

Here, the district court held the MVSDA's specific provisions concerning limitations on new dealerships control over the broader, off-topic provisions Appellant seeks to use to limit a new dealership here.

Truly yours,

*Thomas J. Davis*

Thomas J. Davis

TJD/mb
Encs.

cc: Aaron G. Thomas
     Jordan L. Weber
     Yuki Shiotani
     Scott Flaherty
     Sheila Therese Kerwin
     Elizabeth A. McNellie

530202