

2200 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2210
Tel: 612.977.8400 | Fax: 612.977.8650
taftlaw.com

Affirmative Action, Equal Opportunity Employer

**Aaron G. Thomas**
612.977.8845
AThomas@taftlaw.com

June 17, 2024

**VIA ECF**

Clerk of Court
Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
Room 24.329
St. Louis, MO 63102

> **Re:** *Anderson & Koch Ford, Inc. v. Ford Motor Co.*, Case No. 24-1204
> **Response to Defendant-Appellee's Improper Sur-Reply**

Dear Clerk:

Ford's purported Rule 28(j) letter fails to advise the Court of any new authorities. Instead, it improperly presents argument in response to Anderson & Koch's reply brief. It is a sur-reply and should be stricken as such. *See Esicorp, Inc. v. Liberty Mut. Ins. Co.*, 193 F.3d 966, 972 (8th Cir. 1999) (granting motion to strike letter submissions for non-compliance). Besides being improper, the letter is legally incorrect.

First, Ford's appellee brief invoked the specific / general canon of interpretation under Minn. Stat. § 645.26. Appellee Br. at 19-21. In reply to that argument, Anderson & Koch argued that statutory conflict is a prerequisite to applying the canon. Appellant Reply Br. at 4-6. Anderson & Koch is not obligated to anticipate and rebut Ford's opposition arguments in its opening brief (and Ford's authority does not hold otherwise).

Second, the fact that *Connexus* and *Koehnen* do not address the statutory conflict prerequisite in Section 645.26 is decidedly irrelevant. There is no reason for those decisions to discuss this threshold issue because there, as explained in Anderson & Koch's reply brief, Appellant Reply Br. at 5-6, the statutory provisions were in direct conflict with one another. On this point, Ford's letter is most clearly an improper sur-reply.

Third, *RadLAX*, a 2012 decision from the United States Supreme Court, is not pertinent to interpreting a Minnesota statute under Minnesota interpretation principles. In any event, *RadLAX* is inapposite. As explained in Anderson & Koch's reply brief, Appellant Reply Br. at 7, Minn. Stat. § 80E.13(k) and (p) are *more specific* than Minn. Stat. § 80E.14 because they address the

specific conduct at issue. They are not "off-topic provisions." This is not a situation, like *RadLAX*, "in which a general permission or prohibition is contradicted by a specific prohibition or permission." 566 U.S. at 645.

   In short, the specific / general canon of interpretation does not apply because there is no irreconcilable conflict between the relevant MVSDA provisions. And even if it did apply, it would not support Ford's desired interpretation.

       Sincerely,

       Taft Stettinius & Hollister LLP

       s/ *Aaron G. Thomas*

       Aaron G. Thomas

AGT:cjs

133474921v2